UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANITA PETITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| FIRST NATIONAL BANK OF RICHMOND, | ) | |
| and CBRE, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("JPMC") removes this action from the Superior Court of Wayne County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.     INTRODUCTION**

1.     This lawsuit involves personal injuries that were allegedly caused by a condition on the premises located at 4400 E. Main Street, Richmond, Indiana on September 26, 2020. *See* Ex. A, Plaintiff's First Amended Complaint Damages ("Complaint") at ¶ 5-6. Plaintiff Anita Petitt ("Plaintiff") alleges that JPMC was negligent in the maintenance of the property. *See Id.* at ¶ 8.

2.     Plaintiff filed this civil action on December 18, 2021, in the Superior Court for the County of Wayne, State of Indiana, Case No. 89D01-2112-CT-000063. On March 25, 2022, the Superior Court granted Plaintiff leave to amend her complaint to name CBRE, Inc. as an additional defendant.

## II. THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3. This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete diversity exists

4. Plaintiff's First Amended Complaint lists her residence as Wayne County, State of Indiana. *See* Ex. A, at ¶ 1. Plaintiff is therefore a citizen of Indiana.

5. Defendant JPMC is a national banking association in which its main office, as designated in its articles of incorporation, is in Columbus, Ohio. JPMC is therefore a citizen of Ohio. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("a national bank...is a citizen of the state in which its main office, as set forth in its articles of association, is located").

6. Because Plaintiff is a citizen of Indiana, while the named defendant is a citizen of Ohio, there is complete diversity.

7. Upon information and belief, the purported entity "First National Bank of Richmond," which Plaintiff has named as a defendant, does not exist in Indiana and did not exist in Indiana at or near the time of the incident alleged in Plaintiff's complaint. Further, upon information and belief, no entity named "First National Bank of Richmond" has been served in this action. Accordingly, the citizenship "First National Bank of Richmond" should not be considered for the determination of whether diversity exists. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded,") and 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on

the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and *served as defendants* is a citizen of the State in which such action is brought." (emphasis added)).

8. At this time, upon information and belief, the named defendant CBRE, Inc. has not yet been served with Plaintiff's Complaint. However, should and/or if CBRE, Inc. receives service of Plaintiff's Complaint, diversity of citizenship would remain as upon information and belief, CBRE, Inc.'s jurisdiction of corporate formation is Delaware and its principal office is in California.

### B. The amount in controversy exceeds $75,000

9. Plaintiff does not assert a specific value for her claims on the face of the Complaint. Instead, relating to damages, Plaintiff alleged in her Complaint that she "sustained physical injuries," "incurred medical expenses and other costs," and "has experienced among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries." *See* Ex. A, at ¶ 16-18. However, based on information recently shared by Plaintiff in discovery, Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

10. Specifically, JPMC issued Plaintiff requests for admission in which JPMC requested to Plaintiff, "Admit that the sum total of your damages in this action does not exceed $75,000.00," and "Admit that you will not seek or execute on any judgment of over $75,000.00 in this action." On March 22, 2022, Plaintiff responded with denials to both of JPMC's requests for admission. *See* Ex. B.

11. In light of Plaintiff's refusal to stipulate that her damages do not exceed $75,000, the amount in controversy in this case exceeds $75,000. *See e.g. Chase v. Shop 'N Save Warehouse*

*Foods*, 110 F.3d 424, 428 (7th Cir. 1997), *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004), *Kadambi v. Express Scripts, Inc.*, No. 1:13-CV-321, 2014 U.S. Dist. LEXIS 78987, at *15 (N.D. Ind. Apr. 21, 2014) (a plaintiff's refusal to stipulate that her damages to do not exceed $75,000 demonstrates that the amount in controversy requirement has been met).

### III.   THIS FILING IS TIMELY

12.   Plaintiff served JPMC on or near December 23, 2021.  However, the initial pleading lacked sufficient information to ascertain whether the case as removable with respect to both damages and diversity. Regarding diversity, upon JPMC's further investigation, JPMC was unable to locate in Indiana the existence of an entity named "First National Bank of Richmond." Regarding Plaintiff's damages, JPMC did not learn that Plaintiff is seeking in excess of $75,000 until March 22, 2022 when Plaintiff provided her responses to JPMC's requests for admission. Accordingly, JPMC is filing this Notice of Removal within thirty (30) days after receipt of information from which it first ascertained that this case is removable.  Removal of this action is therefore timely.  *See* 28 U.S.C. § 1446(b)(3).

### IV.   VENUE OF REMOVED ACTION

13.   The Southern District of Indiana is the United States district court for the district and division embracing the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. § 1441(a).

### V.   NOTICE TO THE STATE COURT

14.   A copy of this Notice of Removal is being served on all parties and filed with the Superior Court for the County of Marion, where this case was originally filed.

## VI. PLEADINGS IN THE STATE COURT ACTION

15. A true and correct copy of the Case Summary from the Superior Court for the County of Marion for this case is attached as <u>Exhibit C</u>.

## VII. NON-WAIVER OF DEFENSES

16. JPMC expressly reserves all of its defenses. By removing the action to this Court, JPMC does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

17. Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, JPMorgan Chase Bank, N.A. hereby removes the above-entitled case to the United States District Court for the Southern District of Indiana, and seeks resolution by this Court of all issues raised herein.

DATED: March 31, 2022              **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: */s/ Philip G. Rizzo*
Philip G. Rizzo, Bar No. 34170-49
Edward A. DeVries, Bar No. 30316-45
*Philip.Rizzo@wilsonelser.com*
*Edward.DeVries@wilsonelser.com*

Attorneys for Defendant JPMorgan Chase Bank, N.A.

Philip G. Rizzo
Edward A. DeVries
Wilson Elser Moskowitz Edelman & Dicker LLP
233 E. 84th Drive
Suite 201
Merrillville, IN 46410
219-525-0560
Philip.rizzo@wilsonelser.com
Edward.devries@wilsonelser.com

**CERTIFICATE OF SERVICE**

      I certify that on March 31, 2022, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing systems to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served on the following parties via email to their counsel.

Nicholas J. Wagner
Darron S. Stewart
STEWART & STEWART
Attorneys for Plaintiff

                                                                  */s/ Philip G. Rizzo*
                                                                   Philip G. Rizzo

269043630v.1