Wayne County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE COUNTY CIRCUIT/SUPERIOR |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: |

ANITA PETITT,                       )
                                    )
            Plaintiff,              )
                                    )
    v.                              )
                                    )
JPMORGAN CHASE BANK, N.A., )
and FIRST NATIONAL BANK OF )
RICHMOND,                           )
                                    )
            Defendants.             )

## **APPEARANCE BY ATTORNEY IN CIVIL TORT CASE**

This Appearance Form must be filed on behalf of every party in a civil case.

1.  This is a **Civil Tort** case type as defined in administrative Rule 8(B)(3).

2.  The party on whose behalf this form is being filed is:
    Initiating  **X**            Responding ___     Intervening ____; and

    the undersigned attorney and all attorneys listed on this form now appear in this case  for the following parties:
    Name of party(s):    **Anita Petitt**
    Address of party(s):  **Stewart & Stewart, 931 S. Rangeline Road, Carmel, IN  46032**
    Telephone # of party: Home:  **(317) 846-8999**

3.  Attorney information for service as required by Trial Rule 5(B)(2)

    Name:   **Nicholas J. Wagner**          Atty Number: **30185-84 (IN)**
    Address: **STEWART & STEWART**          Phone:  **(317) 846-8999**
             **931 South Rangeline Road**   Fax:  **(888) 686-6977**
             **Carmel, IN  46032**          Email Address: **Nicholas@getstewart.com**

    Name:   **Darron S. Stewart**           Atty Number: **21114-29**
    Address: **STEWART & STEWART**          Phone:  **(317) 846-8999**
             **931 South Rangeline Road**   Fax:  **(888) 686-6977**
             **Carmel, IN  46032**          Email Address: **Darron@getstewart.com**

4.  I will accept service by FAX at the above noted number:  Yes       No  **X**

5.  This case involves child support issues. Yes        No  **X**

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.   Yes      No  **X**

7.  This case involves a petition for involuntary commitment.  Yes      No  **X**

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:   **Not applicable.**

9.  There are related cases: Yes      No  **X**

10. Additional information required by local rule:  **Not applicable**

11.  This form has been served on all other parties and Certificate of Service is attached:
     Yes      No   **X**

/s/Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Attorney for the Plaintiff(s)

/s/Darron S. Stewart
Darron S. Stewart, #21114-29
Attorney for the Plaintiff(s)

STEWART & STEWART
931 S. Rangeline Road
Carmel, IN  46032
Phone: (317) 846-8999
Fax:    (888) 686-6977
Nicholas@getstewart.com
Darron@getstewart.com

SL

STATE OF INDIANA     )     IN THE WAYNE COUNTY CIRCUIT/SUPERIOR   Wayne County, Indiana
                         ) SS:
COUNTY OF WAYNE     )     CAUSE NO.:

ANITA PETITT,             )
                             )
          Plaintiff,        )
                             )
     v.                     )
                             )
JPMORGAN CHASE BANK, N.A., )
and FIRST NATIONAL BANK OF )
RICHMOND,          )
                             )
          Defendants.     )

## **COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

COMES NOW, the Plaintiff, ANITA PETITT, by counsel, and for her Complaint for Damages against the Defendants, JPMORGAN CHASE BANK, N.A. and FIRST NATIONAL BANK OF RICHMOND, alleges and says:

1. Plaintiff, ANITA PETITT, is a resident of Wayne County, in the State of Indiana.

2. Defendant, JPMORGAN CHASE BANK, N.A., is a foreign financial institution registered and doing business in the State of Indiana.

3. Defendant, FIRST NATIONAL BANK OF RICHMOND, is a financial institution doing business in the State of Indiana.

4. Defendants own, operate, manage, maintain, and/or otherwise control a business known as "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the State of Indiana (hereafter, "Property").

5. On September 26, 2020, while traversing the Property, Plaintiff encountered a dangerously sloped portion of the parking lot causing her foot to roll and her to fall to the ground (hereafter "Incident").

6.  At the time of the Incident, Defendants owed to Plaintiff, a duty to maintain Defendants' Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind. Ct. App. 1985).

7.  At the time of the Incident, Defendants were negligent in failing to exercise reasonable care in maintaining Defendants' Property in a reasonably safe condition.

8.  At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

    a.  knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

    b.  should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

    c.  fails to exercise reasonable care to protect its invitees against the danger.

    *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

9.  At the time of this Incident, Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

10. At the time of this Incident, Defendants should have expected that invitees such as Plaintiff would not realize or discover the aforementioned dangerous condition on Defendants' Property or would fail to protect themselves against it.

11. At the time of this Incident, Defendants failed to exercise reasonable care in protecting invitees such as Plaintiff by failing to have the dangerous condition removed, repaired, and/or otherwise remedied, by failing to reasonably warn invitees of aforementioned

dangerous condition, and/or by allowing invitees to use the dangerous area of Defendants' Property.

12. At the time of this Incident, Defendants owed a duty to Plaintiff, to warn her of the hazard on Defendants' Property. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind. Ct. App. 1995); *Burrell v. Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

13. Defendants' duty to warn Plaintiff of any hazards on Defendants' Property is not limited to only those dangers of which Defendants are aware. Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. Ct. App. 1994).

14. At the time of this Incident, Defendants were negligent in failing to warn Plaintiff of the aforementioned dangerous condition on Defendants' Property.

15. At the time of this Incident, Plaintiff did not observe the aforementioned dangerous condition until after she fell.

16. As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries.

17. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and other costs.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, Plaintiff, ANITA PETITT, respectfully requests judgment against Defendants, JPMORGAN CHASE BANK, N.A. and FIRST NATIONAL BANK OF RICHMOND, in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

Respectfully Submitted,

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

**Wayne County Superior Court 1**

# SUMMONS

SL

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE CIRCUIT/SUPERIOR COURT |
| | )SS: | Wayne County Clerk |
| COUNTY OF WAYNE | ) | Courthouse, 301 E. Main Street |
| | | Richmond, IN 47374 |
| | | Phone: (765) 973-9220 |

| | | |
|---|---|---|
| ANITA PETITT, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No: |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| and FIRST NATIONAL BANK OF | ) | |
| RICHMOND, | ) | |
| | ) | |
| Defendants. | ) | |

TO DEFENDANT:   (Name)    **JPMORGAN CHASE BANK, N.A.**
                               **C/O  C T CORPORATION SYSTEM, AS REG. AGENT**
          (Address)    **334 NORTH SENATE AVENUE**
                               **INDIANAPOLIS, IN  46204**

      You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

      The nature of the suit against you is stated in the complaint, which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

      An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days, if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

      If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____    _____(Seal)
                          Clerk, Wayne Circuit/Superior Court

**(The following manner of service of summons is hereby designated.)**

| | |
|---|---|
| **X** | **Certified Mail/Return Receipt Requested – PLAINTIFF'S COUNSEL TO SERVE** |
| _____ | Service at place of employment, to wit: _____ |
| _____ | Service on individual – (Personal or copy) at above address. _____ |
| _____ | Service on agent. (Specify) _____ |
| _____ | Other service. (Specify) _____ |

STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## S H E R I F F ' S   R E T U R N   O N   S E R V I C E   O F   S U M M O N S

I hereby certify that I have served this summons on the _____ day of _____, 2021.

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)  By leaving a copy of the Summons a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

_____            _____
Sheriff's Costs                                      Sheriff

                                                     By: _____
                                                          Deputy

## C L E R K ' S   C E R T I F I C A T E   O F   M A I L I N G

I hereby certify that on the _____ day of _____, 2021, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                     _____
                                                     Clerk
Dated: _____, 2021                    By: _____
                                                          Deputy

## R E T U R N   O N   S E R V I C E   O F   S U M M O N S   B Y   M A I L

          I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2021.
          I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2021.
          I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2021.

                                                     _____
                                                     Clerk

                                                     By: _____
                                                          Deputy

# SUMMONS

STATE OF INDIANA ) 
                 )SS: 
COUNTY OF WAYNE )

IN THE WAYNE CIRCUIT/SUPERIOR COURT
Wayne County Clerk
Courthouse, 301 E. Main Street
Richmond, IN 47374
Phone: (765) 973-9220

ANITA PETITT, )
                       )
       Plaintiff, )
                       )
    v. )
                       )
JPMORGAN CHASE BANK, N.A., )
and FIRST NATIONAL BANK OF )
RICHMOND, )
                       )
       Defendants. )

Cause No:

TO DEFENDANT:   (Name)    **FIRST NATIONAL BANK OF RICHMOND**
                                **C/O HIGHEST RANKING OFFICER**
        (Address)    **P. O. BOX 35605**
                                **DALLAS, TX 75235**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint, which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days, if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated 12/20/2021                                       (Seal)
                Clerk, Wayne Circuit/Superior Court

**(The following manner of service of summons is hereby designated.)**

  **X**        **Certified Mail/Return Receipt Requested – PLAINTIFF'S COUNSEL TO SERVE**
_____   Service at place of employment, to wit: _____
_____   Service on individual – (Personal or copy) at above address. _____
_____   Service on agent. (Specify) _____
_____   Other service. (Specify) _____

STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## S H E R I F F ' S   R E T U R N   O N   S E R V I C E   O F   S U M M O N S

I hereby certify that I have served this summons on the _____ day of _____, 2021.

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)  By leaving a copy of the Summons a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

_____        _____
Sheriff's Costs                                                                         Sheriff

                                                                                        By: _____
                                                                                                     Deputy

## C L E R K ' S   C E R T I F I C A T E   O F   M A I L I N G

I hereby certify that on the _____ day of _____, 2021, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                                                        _____
                                                                                        Clerk
Dated: _____, 2021         By: _____
                                                                                                     Deputy

## R E T U R N   O N   S E R V I C E   O F   S U M M O N S   B Y   M A I L

        I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2021.
        I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2021.
        I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2021.

                                                                                        _____
                                                                                        Clerk

                                                                                        By: _____
                                                                                                     Deputy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.:  89D01-2112-CT-000063 |

| | |
|---|---|
| ANITA PETITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| and FIRST NATIONAL BANK OF | ) |
| RICHMOND, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF ISSUANCE OF SUMMONS

I hereby affirm that pursuant to Indiana Rule 86(G) of the Indiana Rules of Trial Procedure; I have attempted service on the following defendant(s) at the following address(es) as indicated:

**DEFENDANT #1:**     **JP MORGAN CHASE BANK, N.A.**
C/O C T CORPORATION SYSTEM, AS REG. AGENT
334 NORTH SENATE AVENUE, INDPLS, IN  46204
Service Attempted by: Certified Mail/Return
Receipt Requested 7021 1970 0000 5672 0487
Plaintiff's Counsel to serve on or about 12/20/2021

**DEFENDANT #2:**     **FIRST NATIONAL BANK OF RICHMOND**
c/o Highest Ranking Officer
P. O. Box 35605, Dallas, TX  75235
Service Attempted by: Certified Mail/Return
Receipt Requested # 7021 1970 0000 5672 0470
Plaintiff's Counsel to serve on or about 12/10/2021

Date:   December 20, 2021
Signature: /s/Darron S. Stewart
Name Printed:  Darron S. Stewart #21114-29
Plaintiff's Counsel Phone: (317) 846-8999
Plaintiff's Counsel, Darron S. Stewart: Darron@getstewart.com
Legal Assistant/Filer:  Marcia Van Dyke:  Marcia@getstewart.com

Filed: 12/30/2021 2:40 PM
Clerk
JS
Wayne County, Indiana

STATE OF INDIANA     )     IN THE WAYNE SUPERIOR COURT 1
                       ) SS:
COUNTY OF WAYNE     )     CAUSE NO.:   89D01-2112-CT-000063

ANITA PETITT,             )
                       )
        Plaintiff,     )
                       )
     v.               )
                       )
JPMORGAN CHASE BANK, N.A., )
and FIRST NATIONAL BANK OF  )
RICHMOND,         )
                       )
        Defendants.     )

## RETURN OF SERVICE ON DEFENDANT, JPMORGAN CHASE BANK, N.A. ONLY

COMES NOW, the Plaintiff, Anita Petitt, by counsel, and files herein her Return of Service of the

filed marked Summons and file marked Complaint upon the Defendant(s) as follows:

JP Morgan Chage Bank. N.A.
c/o C T  Corporation System, As Reg. Agent
334 North Senate Avenue
Indianapolis, IN  46204
CM/RRR# 7021 1970 0000 5672 0487
Signed by: SIGNATURE ILLEGIBLE
Signed on: December 23, 2021
Green Card attached as Exhibit 1

                                  Respectfully submitted,
                                    /s/Darron S. Stewart
                                    Darron S. Stewart, # 21114-29
                                    Attorney for Plaintiffs
                                    STEWART & STEWART
                                    931 S. Rangeline Road
                                    Carmel, Indiana 46032
                                    P: 317-846-8999
                                    F:  317-843-1991

Clerk
Wayne County, Indiana

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JPMorgan Chase Bank, N.A
c/o CT Corporation System,
As Registered Agent
334 North Senate Avenue
Indianapolis, IN 46204

9590 9402 4874 9032 5931 18

2. Article Number (Transfer from service label)

7021 1970 0000 5672 0487

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

DEC 23

INDIANAPOLIS, 46204

3. Service Type
   ☑ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery
   ($500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☑ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

INDIANAPOLIS IN 460

23 DEC 2021 PM 6 L

(Mv)

9590 9402 4874 9032 5931 18

Petitt-service-complaint

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Stewart & Stewart
Attorneys at Law
931 S. Rangeline Road
Carmel, IN 46032

mv

Filed: 1/2/2022 3:33 PM
Clerk
Wayne County, Indiana

20094.00090

SL

| STATE OF INDIANA | ) | IN THE WAYNE CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO. 89D012112-CT-000063 |

| | | |
|---|---|---|
| ANITA PETITT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| and FIRST NATIONAL BANK OF | ) | |
| RICHMOND, | ) | |
| | ) | |
| Defendants. | ) | |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1.  The party on whose behalf this form is being filed is:

    Initiating ___        Responding _X_        Intervening ___ ; and

    The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party JPMorgan Chase Bank, N.A.

    Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

    _____

    *(List on a continuation page additional parties this attorney represents in this case.)*

2.  Attorney information for service as required by Trial Rule 5(B)(2)

    Name: Edward A. DeVries                    Atty Number: 30316-45

    Name: Philip G. Rizzo                      Atty Number: 34170-49

    Address: Wilson Elser Moskowitz Edelman & Dicker LLP
    233 E. 84th Dr. Suite 201, Merrillville, IN 46410

    Phone: (312) 704-0550

    FAX: (312) 704-1522

    Email Address(es): edward.devries@wilsonelser.com;  philip.rizzo@wilsonelser.com

3.  This is a ___PL___ case type as defined in administrative Rule 8(B)(3).

265181602v.1

20094.00090

4.  This case involves child support issues.  Yes ____ No __X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3. 1-4.)*

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes ____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:  **N/A**

    _____  Attorney's address

    _____  The Attorney General Confidentiality program address
             (contact the Attorney General at 1-800-321-1907 or e-mail address is
             **confidential@atg.in.gov**).

    _____  Another address (provide)
             _____

    This case involves a petition for involuntary commitment.  Yes ____ No __X__

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:  **N/A**

7.  There are related cases: Yes ____ No __X__ *(If yes, list on continuation page.)*

8.  Additional information required by local rule:
    _____

9.  There are other party members: Yes ____ No __X__ *(If yes, list on continuation page.)*

10. This form has been served on all other parties of record and Certificate of Service is attached:
    Yes __X__ No _____

                                   /s/ Edward A. DeVries
                                   Attorney-at-Law
                                   (Attorney information shown above)

265181602v.1

20094.00090

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 12, 2022, I electronically filed the foregoing using the Indiana E-Filing System (IEFS). I also certify that on January 12, 2022, the foregoing document was served upon the following persons via IEFS:

***Attorney for Plaintiff***
Nicholas J. Wagner
Darron S. Stewart
Stewart & Stewart
931 South Rangeline Road
Carmel, IN 46032
nicholas@getstewart.com
darron@getstewart.com


*/s/Edward A. DeVries*

SL

| STATE OF INDIANA | ) | IN THE WAYNE SUPERIOR COURT 1 |
|---|---|---|
| | ) SS: | |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| ANITA PETITT, | )   CAUSE NO: 89D01-2112-CT-000063 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| and FIRST NATIONAL BANK OF | ) |
| RICHMOND, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

### JPMORGAN CHASE BANK, N.A.'S UNOPPOSED FIRST MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO IND. TRIAL RULE 6(B)(1)

Defendant, JPMorgan Chase Bank, N.A. ("JPMorgan"), by and through its attorneys Edward A. DeVries and Philip G. Rizzo of Wilson Elser Moskowitz Edelman & Dicker LLP, respectfully moves the Court for an enlargement of time within which to file a responsive pleading to Plaintiff's First Amended Complaint pursuant to Indiana Rule of Trial Procedure 6(B)(1) and Wayne County Local Rule LR89-TR-06-004(C). In support of this motion, JPMorgan states as follows:

1.      Plaintiff's Complaint for Damages was served on JPMorgan on or near December 23, 2021, by certified mail. JPMorgan's responsive pleading deadline is January 12, 2022.

2.      JPMorgan seeks an additional forty-five days, to February 28, 2022, to confer with its attorney, investigate this matter, and file the appropriate documents in response to Plaintiff's Complaint.

1

265185331v.1

3.      Counsel for JPMorgan contacted Counsel for Plaintiff on January 12, 2022 regarding Plaintiff's position as to an extension of time; however, Counsel for Plaintiff has not yet communicated Plaintiff's position regarding an extension of time.

4.      This motion is made for good cause, not for the purpose of delay, and will not prejudice any party to this action.

WHEREFORE, Defendant, JPMorgan Chase Bank, N.A., respectfully requests the Court enter an Order granting it an enlargement of time, up to and including February 28, 2022, within which to file the appropriate documents in response to Plaintiff's Complaint for Damages.

Respectfully submitted:

/s/ *Edward A. DeVries*
Edward A. DeVries, 30316-45
Philip G. Rizzo, 34170-49
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
233 E. 84th Drive, Suite 201
Merrillville, IN 46410
Tel: (312) 704-0550
Fax:  (312) 704-1522
Email:  Edward.Devries@wilsonelser.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS), and served a copy thereof upon the following via the IEFS:

Nicholas J. Wagner
Darron S. Stewart
STEWART & STEWART
Counsel for Plaintiff

*/s/Edward DeVries*
Edward A. DeVries

3

STATE OF INDIANA     )    IN THE WAYNE SUPERIOR COURT 1
                                ) SS:
COUNTY OF WAYNE    )

ANITA PETITT,                )    CAUSE NO: 89D01-2112-CT-000063
                                )
Plaintiff,                 )
                                )
    vs                   )
                                )
JPMORGAN CHASE BANK, N.A.,  )
and FIRST NATIONAL BANK OF   )
RICHMOND,             )
                                )
Defendants.               )
                                )
                                )
                                )

## ORDER ON DEFENDANT JPMORGAN CHASE BANK, N.A.'S FIRST MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

On January 12, 2022, Defendant JPMorgan Chase Bank, N.A. filed its First Motion for Enlargement of Time to Respond to Plaintiff's Complaint. The Court now GRANTS the motion. Defendant JPMorgan Chase Bank, N.A.'s responsive pleading is due on or before **February 28, 2022.**

Date: **January 14, 2022**

Judge, Wayne Superior Court

265186480v.1

STATE OF INDIANA )          IN THE WAYNE SUPERIOR COURT NO. 1
               ) SS:           2022 TERM
COUNTY OF WAYNE )         CAUSE NO. 89D01-2102-CC-000094

FINANCE SYSTEM
   OF RICHMOND, INC.,
      Plaintiff,

V

THERON JETT,
      Defendant(s).

## POST-JUDGMENT PAYMENT ORDER

      This matter coming before the Court on the Motion for Post-Judgment Payment Agreement by and between the Plaintiff, Finance System of Richmond, Inc., by counsel, the Defendant(s), <u>Theron Jett</u>, now approves this motion.

      IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the parties shall carry out the terms of the Agreement. Defendant shall make regular <u>weekly</u> payments of <u>$25.00</u> beginning <u>January 14, 2022</u> and continuing each week thereafter until the Judgment is paid in full and Plaintiff shall not execute on this Judgment as long as such payments are current. If the Defendant misses or is late on any payment, A Final Order in Wage Garnishment will issue at Plaintiff's request without further hearing.

SO ORDERED: **January 14, 2022** _____

                                 _____
                              Judge, Wayne Superior Court No. 1

<u>Distribution:</u>
Plaintiff          Adam G. Forrest, 27 N 8th Street, Richmond, IN 47374
Defendant(s)    Theron Jett, 172 Cedar Cliff Rd, Richmond, IN 47374
File

| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR 1 |
|---|---|---|
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

| | |
|---|---|
| ANITA PETITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| and FIRST NATIONAL BANK OF | ) |
| RICHMOND, | ) |
| | ) |
| Defendants. | ) |

## REQUEST FOR TELEPHONIC PRE-TRIAL CONFERENCE
## AND PRAECIPE FOR JURY TRIAL

Comes now the Plaintiff, Anita Petitt, by Counsel, Nicholas J. Wagner, and hereby respectfully requests that the above matter be set for Telephonic Pre-Trial Conference for purposes of selecting a trial date and establishing procedural deadlines.

Respectfully Submitted,

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, No. 30185-84
Attorney for Plaintiff

Nicholas J. Wagner
STEWART & STEWART
931 S. Rangeline Rd.
Carmel, IN 46032
(317) 846-8999 (phone)
Nicholas@getstewart.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2022, a copy of the foregoing has been sent United States mail, first-class, postage prepaid and/or electronic mail to:

Phillip G. Rizzo
Edward A. DeVries
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe St., Suite 3800
Chicago, IL  60603
Phillip.rizzo@wilsonelser.com
Attorney for JP Morgan Chase Bank N.A.


*/s/ Nicholas J. Wagner*
Nicholas J. Wagner

IN THE WAYNE SUPERIOR COURT NO. 1

2022 TERM

CAPTION:    ANITA PETITT, PLAINTIFF, VS. JP MORGAN CHASE BANK, N.A., and
            FIRST NATIONAL BANK OF RICHMOND, DEFENDANTS

CAUSE NO.:    89D01-2112-CT-000063

## ORDER ON PLAINTIFF'S PRAECIPE
## FOR JURY TRIAL AND PRE-TRIAL CONFERENCE

Cause comes before the Court on Plaintiff's request for telephonic pre-trial conference and praecipe
for jury trial.

The Court finds that there has been no Case Management Order filed to date in the above captioned
cause. Therefore, no hearing dates will be scheduled at this time. Pursuant to Wayne County Local
Rules of Civil Procedure (see Indiana Rules of Court - Local, Thomson West), a Case Management
Order is required for this cause in order to obtain pre-trial hearing and trial settings. Wayne County
Local Rules of Civil Procedure provides that a case management conference shall be required in all
cases where a jury trial is requested. Further, such rules requires, in cases where a jury is requested,
that an Agreed Case Management Order be filed and approved by the Court prior to pre-trial and trial
settings. Further, said rules provide that Plaintiff shall arrange a meeting of the parties for the
purposes set forth specifically in said Rule (ten purposes are listed within said Rule) within one
hundred twenty (120) days of the filing of a Complaint in those cases where a case management
conference is mandatory or within thirty (30) days after otherwise being ordered to participate in a
case management conference. Within ten (10) days of meeting, those attending are to file a Case
Management Order setting forth those items set forth in said Rule, which are as follows: 1) the
likelihood of mediation and settlement; 2) a detailed schedule of discovery for each party, including
an agreed upon date by which discovery shall be completed and finalized; 3) a limitation on the time
to join additional parties and to amend the pleadings; 4) a limitation on the time to file all pre-trial
motions, excluding motions in limine; 5) a preliminary estimate of the time required for trial; 6) the
date by which the parties reasonably anticipate the case will be ready for trial; and 7) any other
matters which the parties believe may be helpful to the Court.

Upon the filing of an agreed Case Management Order pursuant to said local rules, which is thereafter
approved by the Court, preliminary pre-trial, pre-trial, and trial dates shall be set by the Court, with
said rules providing the approximate time frames therefore.

IT IS THEREFORE ORDERED that on or before the one hundred twenty (120) days from the filing
of the Complaint, Plaintiff shall arrange and conduct a meeting of all parties for a case management
conference for the purposes set forth in Wayne County Local Rules of Civil Procedure, and
Defendant(s) shall cooperate in said conference.

Order on Plaintiff's Praecipe For Jury Trial and Pre-trial Conference
Anita Petitt vs. JP Morgan Chase Bank, N.A., et al
Cause No.: 89D01-1904-CT-000016

IT IS FURTHER ORDERED that within ten (10) days after the case management conference, those attending said conference are to file an Agreed Case Management Order setting forth those items required by the aforementioned local rules.

The parties are reminded of the requirement that, pursuant to LR89-TR16-011, each party shall file a Pre-Trial Statement at least forty-eight (48) hours prior to any preliminary pre-trial hearing and/or pre-trial hearing.

IT IS FURTHER ORDERED that any dispositive motion or motion for summary judgment must be filed at least one hundred fifty (150) days prior to the trial date, consistent with Wayne County local rules.

Judge, Wayne Superior Court No. 1

Dated: _____January 28_____, 2022

Distribution

    All parties of record (or counsel for a party if a party is represented by counsel)

Filed: 2/28/2022 9:34 AM
Clerk
SL

Wayne County, Indiana

| STATE OF INDIANA | ) | IN THE WAYNE SUPERIOR COURT 1 |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF WAYNE | ) | |

| | | |
| --- | --- | --- |
| ANITA PETITT, | ) | CAUSE NO: 89D01-2112-CT-000063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| and FIRST NATIONAL BANK OF | ) | |
| RICHMOND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant, JPMorgan Chase Bank, N.A. ("JPMC"), by and through its attorneys, states the following for its Answer to Plaintiff's Complaint for Damages:

1.      Plaintiff, ANITA PETITT, is a resident of Wayne County, in the State of Indiana.

**ANSWER: JPMC is without sufficient information to admit or deny whether Anita Petitt is a resident of Wayne County, in the State of Indiana.**

2.      Defendant, JPMORGAN CHASE BANK, N.A., is a foreign financial institution registered and doing business in the State of Indiana.

**ANSWER: Admit.**

3.      Defendant, FIRST NATIONAL BANK OF RICHMOND, is a financial institution doing business in the State of Indiana.

**ANSWER: JPMC is without sufficient information to admit or deny the allegations contained in Paragraph 3.**

1

265449169v.1

4.      Defendants own, operate, manage, maintain, and/or otherwise control a business known as "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the State of Indiana (hereafter, "Property").

**ANSWER:** **To the extent the allegations in Paragraph 4 are directed to JPMC, it admits that it owns, operates, and manages a "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the State of Indiana. JPMC is without sufficient information to admit or deny any remaining allegations contained in Paragraph 4.**

5.      On September 26, 2020, while traversing the Property, Plaintiff encountered a dangerously sloped portion of the parking lot causing her foot to roll and her to fall to the ground (hereafter "Incident").

**ANSWER:** **JPMC denies that the parking lot at 4400 E Main Street, Richmond, Indiana contains any dangerously sloped portion. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 5.**

6.      At the time of the Incident, Defendants owed to Plaintiff, a duty to maintain Defendants' Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind. Ct. App. 1985).

**ANSWER:** **To the extent the allegations in Paragraph 6 are directed to JPMC, it admits only to those duties imposed upon it as a matter of law, denies breaching any such duty, and denies any remaining allegations directed to JPMC contained in Paragraph 6. JPMC is without sufficient information to admit or denying any remaining allegations contained in Paragraph 6.**

7.      At the time of the Incident, Defendants were negligent in failing to exercise reasonable care in maintaining Defendants' Property in a reasonably safe condition.

2

**ANSWER: To the extent the allegations in Paragraph 7 are directed to Defendant JPMorgan Chase Bank, N.A., Defendant JPMorgan Chase Bank, N.A. denies the allegations contained in Paragraph 7.**

8.      At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

> a.  knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;
>
> b.  should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and
>
> c.  fails to exercise reasonable care to protect its invitees against the danger.

*Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

**ANSWER: Paragraph 8 and its Subparagraphs a, b, c, and d contain statements of law which do not require an answer. To the extent an answer is required, and to the extent those allegations are directed towards it, JPMC admits only those duties imposed upon it as a matter of law and denies breaching any such duty. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 8.**

9.      At the time of this Incident, Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

**ANSWER: To the extent the allegations in Paragraph 9 are directed at JPMC, denies the allegations contained in Paragraph 9. JPMC further denies the existence of an unreasonably**

3

dangerous conditions at the time of the Incident. JPMC is without sufficient information to admit or deny any remaining allegations contained in Paragraph 9.

10.    At the time of this Incident, Defendants should have expected that invitees such as Plaintiff would not realize or discover the aforementioned dangerous condition on Defendants' Property or would fail to protect themselves against it.

**ANSWER: To the extent the allegations in Paragraph 10 are at JPMC, it denies the allegations contained in Paragraph 10. JPMC denies the existence of an unreasonably dangerous conditions at the time of the Incident. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 10.**

11.    At the time of this Incident, Defendants failed to exercise reasonable care in protecting invitees such as Plaintiff by failing to have the dangerous condition removed, repaired, and/or otherwise remedied, by failing to reasonably warn invitees of aforementioned dangerous condition, and/or by allowing invitees to use the dangerous area of Defendants' Property.

**ANSWER: To the extent the allegations in Paragraph 11 are directed at JPMC, it denies the allegations contained in Paragraph 11. JPMC denies the existence of an unreasonably dangerous conditions at the time of the Incident. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 11.**

12.    At the time of this Incident, Defendants owed a duty to Plaintiff, to warn her of the hazard on Defendants' Property. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind. Ct. App. 1995); *Burrell v. Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

**ANSWER: To the extent the allegations in Paragraph 12 are directed to JPMC, it admits only to those duties imposed upon it as a matter of law, denies breaching any such duty, and denies that Plaintiff has accurately pled those duties. JPMC further denies that it failed to**

4

**warn her of any unreasonably dangerous hazard. JPMC is without sufficient evidence to admit or deny the remaining allegations contained in Paragraph 12.**

13.     Defendants' duty to warn Plaintiff of any hazards on Defendants' Property is not limited to only those dangers of which Defendants are aware. Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. Ct. App. 1994).

**ANSWER: To the extent the allegations in Paragraph 13 are directed at JPMC, it admits only to those duties imposed upon it as a matter of law, denies breaching any such duty, and denies that Plaintiff has accurately pled those duties. JPMC is without sufficient information to admit or deny any remaining allegations contained in Paragraph 13.**

14.     At the time of this Incident, Defendants were negligent in failing to warn Plaintiff of the aforementioned dangerous condition on Defendants' Property.

**ANSWER: To the extent the allegations in Paragraph 14 are directed at JPMC, it denies the allegations contained in Paragraph 14. JPMC denies the existence of unreasonably dangerous conditions at the time of the Incident. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14.**

15.     At the time of this Incident, Plaintiff did not observe the aforementioned dangerous condition until after she fell.

**ANSWER: JPMC denies the existence of an unreasonably dangerous condition. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 relating to Plaintiff's observations at the time of the Incident.**

5

265449169v.1

16.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries.

**ANSWER: To the extent the allegations in Paragraph 16 are directed at JPMC, it denies that it was negligent and denies all remaining allegations contained in Paragraph 16 that are directed at it. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 16.**

17.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and other costs.

**ANSWER: To the extent the allegations in Paragraph 17 are directed at JPMC, it denies that it was negligent and denies all remaining allegations contained in Paragraph 16 that are directed at it. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 17.**

18.     As a direct and proximate result of Defendants' negligence, Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

**ANSWER: To the extent the allegations in Paragraph 18 are directed at JPMC, it denies that it was negligent and denies all remaining allegations contained in Paragraph 16 that are directed at it. JPMC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 18.**

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. denies that it is liable to Plaintiff, and requests that judgment be entered in its favor, including costs, against Plaintiff. In the alternative, JPMorgan Chase Bank, N.A. requests that Plaintiff's Complaint be dismissed, with prejudice.

6

## **AFFIRMATIVE DEFENSES**

Defendant, JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC"), by and through its attorneys, and without prejudice to its Answer, states as follows for its Affirmative Defenses to Plaintiff's Complaint for Damages:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's alleged damages, if any, were caused in whole or in part by Plaintiff's own negligence and comparative fault, thereby diminishing or barring altogether any recovery by Plaintiff in this cause.

3.      The alleged condition that Plaintiff alleges caused her alleged injuries and damages was open and obvious.

4.      Plaintiff is barred from recovery to the extent Plaintiff's own negligence and comparative fault is greater than fifty percent (50%) of the total fault for the alleged incident that is the subject of Plaintiff's Complaint.

5.      Plaintiff's alleged damages, if any, must be barred or reduced to the extent Plaintiff has failed to mitigate her damages as required by law.

6.      Plaintiff's alleged damages, if any, were the result of independent, intervening and/or superseding causes over which Defendant had no control, responsibility, or reason to anticipate.

7.      JPMC is entitled to a credit, setoff, or adjustment for any and all collateral source payments made to or on behalf of the Plaintiff for her alleged injuries and damages, if any, which are the subject of this cause. JPMC reserves the right to introduce into evidence proof of collateral source payments received by or on behalf of Plaintiff, pursuant to Ind. Code § 34-44-1-1 et seq.,

265449169v.1

in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.

8.      Some or all of Plaintiff's medical expenses may have been reduced by write-offs, setoffs, and/or adjustments. In accordance with *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009) and *Patchett v. Lee*, 60 N.E.3d 1025 (Ind. 2016), Defendant is entitled to present as evidence any such write-offs, set-offs, and/or adjustments for consideration by the jury.

9.      Pursuant to Ind. Code § 34-51-2-16, JPMC identifies CBRE, Inc., the property management company for the property at 4400 E Main Street, Richmond, Indiana, as a responsible nonparty.

10.     Any allegations or paragraphs in Plaintiff's complaint which are not specifically admitted, denied, or responded to, are hereby denied.

11.     JPMC hereby reserves the right to supplement/amend any of these affirmative defenses and/or assert additional affirmative defenses not presently known, with proper leave of the Court, as additional information is obtained through discovery or otherwise.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. denies that it is liable to Plaintiff, and requests that judgment be entered in its favor, including costs, against Plaintiff. In the alternative. JPMorgan Chase Bank, N.A. requests that Plaintiff's Complaint be dismissed, with prejudice.

## JURY DEMAND

Defendant JPMorgan Chase Bank, N.A. respectfully requests this matter be set for trial by jury.

Respectfully submitted:


By:     /s/ *Edward A. DeVries*
           Edward A. DeVries, 30316-45
           Philip G. Rizzo, 34170-49
           WILSON ELSER MOSKOWITZ
           EDELMAN & DICKER LLP
           233 E. 84th Drive, Suite 201
           Merrillville, IN 46410
           Tel: (312) 704-0550
           Fax:  (312) 704-1522
           Email:  Edward.DeVries@wilsonelser.com

265449169v.1

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on February 28, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS), and served a copy thereof upon the following via the IEFS:

Nicholas J. Wagner
Darron S. Stewart
STEWART & STEWART
Counsel for Plaintiff

*/s/Edward DeVries*
Edward A. DeVries

10

Filed: 3/23/2022 1:10 PM
Clerk
SL

Wayne County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

| | |
|---|---|
| ANITA PETITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A. and | ) |
| FIRST NATIONAL BANK OF | ) |
| RICHMOND, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT FOR DAMAGES

Comes now the Plaintiff, ANITA PETITT, by counsel, and respectfully moves this Court to grant her leave to amend her Complaint for Damages pursuant to Indiana Rules of Procedure Trial Rule 15, and in support of said Motion would show the Court as follows:

1. On or about December 18, 2021, the Plaintiff filed her original Complaint for Damages (hereafter "Complaint") against the Defendants, JPMORGAN CHASE BANK, N.A. and FIRST NATIONAL BANK OF RICHMOND. **A copy of Plaintiff's original Complaint is attached hereto and marked as Exhibit 1.**

2. Since the filing of the original Complaint, Plaintiff's counsel has learned that the following entity is a proper party to this lawsuit: **CBRE, INC.**

3. Therefore, Plaintiff wishes to amend her Complaint for Damages to reflect the addition of CBRE, INC. as a Defendant in this matter. **A copy of Plaintiff's First Amended Complaint is attached hereto and marked as Exhibit 2.**

4. The applicable statute of limitations in this matter has not yet run.

5. The amendment sought is necessary to permit the Plaintiff to fully and fairly present her claims against the Defendants.

6.   The Defendants would not be prejudiced in their ability to defend on the merits were this motion granted.

7.   The Plaintiff would be irreparably harmed were this motion not granted.

8.   The interests of justice and efficiency would be served by granting this Motion, and the Defendants would not be prejudiced by it.

WHEREFORE, the Plaintiff respectfully prays the Court to grant her leave to amend her Complaint for Damages and to order Plaintiff's First Amended Complaint for Damages deemed filed **as of the date of the filing of this Motion**.

/s/ *Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a copy of the foregoing has been duly served upon the following via First Class postage prepaid, United States, certified Mail this 23rd day of March, 2022, to:

Edward A. DeVries
Philip G. Rizzo
233 East 84t h Drive
Merrillville, IN 46410
edward.devries@wilsonelser.com
philip.rizzo@wilsonelser.com

 

                    <u>/s/ *Nicholas J. Wagner*</u>
                    Nicholas J. Wagner
                    STEWART & STEWART
                    931 S. Rangeline Road
                    Carmel, IN 46032
                    (317) 846-8999

STATE OF INDIANA      )      IN THE WAYNE COUNTY CIRCUIT/SUPERIOR    Wayne County, Indiana
                         ) SS:
COUNTY OF WAYNE      )      CAUSE NO.:

ANITA PETITT,                 )
                             )
           Plaintiff,        )
                             )
      v.                        )
                             )
JPMORGAN CHASE BANK, N.A., )
and FIRST NATIONAL BANK OF    )
RICHMOND,                )
                             )
           Defendants.      )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

COMES NOW, the Plaintiff, ANITA PETITT, by counsel, and for her Complaint for Damages against the Defendants, JPMORGAN CHASE BANK, N.A. and FIRST NATIONAL BANK OF RICHMOND, alleges and says:

1. Plaintiff, ANITA PETITT, is a resident of Wayne County, in the State of Indiana.

2. Defendant, JPMORGAN CHASE BANK, N.A., is a foreign financial institution registered and doing business in the State of Indiana.

3. Defendant, FIRST NATIONAL BANK OF RICHMOND, is a financial institution doing business in the State of Indiana.

4. Defendants own, operate, manage, maintain, and/or otherwise control a business known as "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the State of Indiana (hereafter, "Property").

5. On September 26, 2020, while traversing the Property, Plaintiff encountered a dangerously sloped portion of the parking lot causing her foot to roll and her to fall to the ground (hereafter "Incident").

6.  At the time of the Incident, Defendants owed to Plaintiff, a duty to maintain Defendants' Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind. Ct. App. 1985).

7.  At the time of the Incident, Defendants were negligent in failing to exercise reasonable care in maintaining Defendants' Property in a reasonably safe condition.

8.  At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

    a.  knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

    b.  should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

    c.  fails to exercise reasonable care to protect its invitees against the danger.

    *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

9.  At the time of this Incident, Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

10. At the time of this Incident, Defendants should have expected that invitees such as Plaintiff would not realize or discover the aforementioned dangerous condition on Defendants' Property or would fail to protect themselves against it.

11. At the time of this Incident, Defendants failed to exercise reasonable care in protecting invitees such as Plaintiff by failing to have the dangerous condition removed, repaired, and/or otherwise remedied, by failing to reasonably warn invitees of aforementioned

dangerous condition, and/or by allowing invitees to use the dangerous area of Defendants' Property.

12. At the time of this Incident, Defendants owed a duty to Plaintiff, to warn her of the hazard on Defendants' Property. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind. Ct. App. 1995); *Burrell v. Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

13. Defendants' duty to warn Plaintiff of any hazards on Defendants' Property is not limited to only those dangers of which Defendants are aware. Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. Ct. App. 1994).

14. At the time of this Incident, Defendants were negligent in failing to warn Plaintiff of the aforementioned dangerous condition on Defendants' Property.

15. At the time of this Incident, Plaintiff did not observe the aforementioned dangerous condition until after she fell.

16. As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries.

17. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and other costs.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, Plaintiff, ANITA PETITT, respectfully requests judgment against Defendants, JPMORGAN CHASE BANK, N.A. and FIRST NATIONAL BANK OF RICHMOND, in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

Respectfully Submitted,

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

ANITA PETITT,                                     )
                                                  )
              Plaintiff,                          )
                                                  )
       v.                                         )
                                                  )
JP MORGAN CHASE BANK, N.A.,                       )
FIRST NATIONAL BANK OF                            )
RICHMOND, and                                     )
CBRE, INC.,                                       )
                                                  )
              Defendants.                         )

## FIRST AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now, the Plaintiff, ANITA PETITT, by counsel, and for her Complaint for Damages against

the Defendants, JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK OF RICHMOND, and

CBRE, INC., alleges and says:

1. Plaintiff, ANITA PETITT, is a resident of Wayne County, in the State of Indiana.

2. Defendant, JPMORGAN CHASE BANK, N.A., is a foreign financial institution registered and
   doing business in the State of Indiana.

3. Defendant, FIRST NATIONAL BANK OF RICHMOND, is a financial institution doing business
   in the State of Indiana.

4. Defendant, CBRE, INC., is a California corporation registered and doing business in the State of
   Indiana.

5. Defendants own, operate, manage, maintain, and/or otherwise control  a business known as
   "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the
   State of Indiana (hereafter, "Property").

6. On September 26, 2020, while traversing the Property, Plaintiff encountered a dangerously sloped
   portion of the parking lot causing her foot to roll and her to fall to the ground (hereafter
   "Incident").

1

7. At the time of the Incident, Defendants owed to Plaintiff, a duty to maintain Defendants' Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind. Ct. App. 1985).

8. At the time of the Incident, Defendants were negligent in failing to exercise reasonable care in maintaining Defendants' Property in a reasonably safe condition.

9. At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

   a. knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

   b. should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

   c. fails to exercise reasonable care to protect its invitees against the danger.

   *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

10. At the time of this Incident, Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

11. At the time of this Incident, Defendants should have expected that invitees such as Plaintiff would not realize or discover the aforementioned dangerous condition on Defendants' Property or would fail to protect themselves against it.

12. At the time of this Incident, Defendants failed to exercise reasonable care in protecting invitees such as Plaintiff by failing to have the aforementioned dangerous condition removed, repaired, and/or otherwise remedied, by failing to reasonably warn invitees of aforementioned dangerous condition, and/or by allowing invitees to use the dangerous area of Defendants' Property.

13. At the time of this Incident, , Defendants owed a duty to Plaintiff, to warn her of the hazard on Defendants' Property. *Duffy v. Ben Dee, Inc*., 651 N.E.2d 320 (Ind. Ct. App. 1995); *Burrell v.*

*Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

14. Defendants' duty to warn Plaintiff of any hazards on Defendants' Property is not limited to only those dangers of which Defendants are aware. Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. Ct. App. 1994).

15. At the time of this Incident, Defendants were negligent in failing to warn Plaintiff of the aforementioned dangerous condition on Defendants' Property.

16. At the time of this Incident, Plaintiff did not observe the aforementioned dangerous condition until after she fell.

17. As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and other costs.

19. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, Plaintiff, ANITA PETITT, respectfully requests judgment against Defendants, JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK OF RICHMOND, and CBRE, INC., in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

3

Respectfully Submitted,

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

## **REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter betried by

jury.

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

Filed: 3/23/2022 1:10 PM
Clerk
Wayne County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

| | |
|---|---|
| ANITA PETITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A., | ) |
| FIRST NATIONAL BANK OF | ) |
| RICHMOND, and | ) |
| CBRE, INC., | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now, the Plaintiff, ANITA PETITT, by counsel, and for her Complaint for Damages against the Defendants, JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK OF RICHMOND, and CBRE, INC., alleges and says:

1.  Plaintiff, ANITA PETITT, is a resident of Wayne County, in the State of Indiana.

2.  Defendant, JPMORGAN CHASE BANK, N.A., is a foreign financial institution registered and doing business in the State of Indiana.

3.  Defendant, FIRST NATIONAL BANK OF RICHMOND, is a financial institution doing business in the State of Indiana.

4.  Defendant, CBRE, INC., is a California corporation registered and doing business in the State of Indiana.

5.  Defendants own, operate, manage, maintain, and/or otherwise control a business known as "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the State of Indiana (hereafter, "Property").

6.  On September 26, 2020, while traversing the Property, Plaintiff encountered a dangerously sloped portion of the parking lot causing her foot to roll and her to fall to the ground (hereafter "Incident").

1

7. At the time of the Incident, Defendants owed to Plaintiff, a duty to maintain Defendants' Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind. Ct. App. 1985).

8. At the time of the Incident, Defendants were negligent in failing to exercise reasonable care in maintaining Defendants' Property in a reasonably safe condition.

9. At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

   a. knows or by the exercise of reasonable care would discover the condition, andshould realize that it involves an unreasonable risk of harm to its invitees;

   b. should expect that its invitees will not discover or realize the danger, or will fail toprotect themselves against it; and

   c. fails to exercise reasonable care to protect its invitees against the danger.

   *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

10. At the time of this Incident, Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

11. At the time of this Incident, Defendants should have expected that invitees such as Plaintiff would not realize or discover the aforementioned dangerous condition on Defendants' Property or would fail to protect themselves against it.

12. At the time of this Incident, Defendants failed to exercise reasonable care in protecting invitees such as Plaintiff by failing to have the aforementioned dangerous condition removed, repaired, and/or otherwise remedied, by failing to reasonably warn invitees of aforementioned dangerous condition, and/or by allowing invitees to use the dangerous area of Defendants' Property.

13. At the time of this Incident, , Defendants owed a duty to Plaintiff, to warn her of the hazard on Defendants' Property. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind. Ct. App. 1995); *Burrell v.

2

*Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

14. Defendants' duty to warn Plaintiff of any hazards on Defendants' Property is not limited to only those dangers of which Defendants are aware. Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. Ct. App. 1994).

15. At the time of this Incident, Defendants were negligent in failing to warn Plaintiff of the aforementioned dangerous condition on Defendants' Property.

16. At the time of this Incident, Plaintiff did not observe the aforementioned dangerous condition until after she fell.

17. As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and other costs.

19. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, Plaintiff, ANITA PETITT, respectfully requests judgment against Defendants, JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK OF RICHMOND, and CBRE, INC., in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

3

Respectfully Submitted,

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

## **REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter betried by

jury.

*/s/ Nicholas J. Wagner*
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

4

| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

ANITA PETITT,                          )
                                    )
        Plaintiff,            )
                                     )
        v.                       )
                                      )
JP MORGAN CHASE BANK, N.A.,    )
FIRST NATIONAL BANK OF         )
RICHMOND, and                  )
CBRE, INC.,                    )
                                     )
        Defendants.             )

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT FOR DAMAGES

       Comes now the Plaintiff, by Counsel, and having filed her Motion For Leave To Amend Complaint For Damages, said Motion is attached.

       And this Court having read and examined said Motion and being duly advised in the premises hereby GRANTS the same.

       IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion For Leave To Amend Complaint For Damages is hereby GRANTED, and the Clerk of this Court is hereby directed to file Plaintiff's First Amended Complaint for Damages, **as of the date of the filing of the Plaintiff's Motion.**

DATE: **March 24, 2022**

_____
Judge, Wayne Superior Court

Distribution to:

Nicholas J. Wagner
Stewart & Stewart
931 S. Rangeline Road
Carmel, IN 46032
Nicholas@getstewart.com

Edward A. DeVries
Philip G. Rizzo
233 East 84t h Drive, Suite 201
Merrillville, IN 46410
edward.devries@wilsonelser.com
philip.rizzo@wilsonelser.com

Filed: 3/23/2022 1:10 PM
Clerk
Wayne County, Indiana

| STATE OF INDIANA | ) | IN THE WAYNE COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

ANITA PETITT,                                )
                                             )
        Plaintiff,                          )
                                             )
        v.                                  )
                                             )
JP MORGAN CHASE BANK, N.A.,                  )
FIRST NATIONAL BANK OF                       )
RICHMOND, and                                )
CBRE, INC.,                                  )
                                             )
        Defendants.                         )

## FIRST AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now, the Plaintiff, ANITA PETITT, by counsel, and for her Complaint for Damages against the Defendants, JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK OF RICHMOND, and CBRE, INC., alleges and says:

1. Plaintiff, ANITA PETITT, is a resident of Wayne County, in the State of Indiana.

2. Defendant, JPMORGAN CHASE BANK, N.A., is a foreign financial institution registered and doing business in the State of Indiana.

3. Defendant, FIRST NATIONAL BANK OF RICHMOND, is a financial institution doing business in the State of Indiana.

4. Defendant, CBRE, INC., is a California corporation registered and doing business in the State of Indiana.

5. Defendants own, operate, manage, maintain, and/or otherwise control a business known as "Chase Bank" located at 4400 E Main Street, in the City of Richmond, County of Wayne, in the State of Indiana (hereafter, "Property").

6. On September 26, 2020, while traversing the Property, Plaintiff encountered a dangerously sloped portion of the parking lot causing her foot to roll and her to fall to the ground (hereafter "Incident").

1

7. At the time of the Incident, Defendants owed to Plaintiff, a duty to maintain Defendants' Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind. Ct. App. 1985).

8. At the time of the Incident, Defendants were negligent in failing to exercise reasonable care in maintaining Defendants' Property in a reasonably safe condition.

9. At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

   a. knows or by the exercise of reasonable care would discover the condition, andshould realize that it involves an unreasonable risk of harm to its invitees;

   b. should expect that its invitees will not discover or realize the danger, or will fail toprotect themselves against it; and

   c. fails to exercise reasonable care to protect its invitees against the danger.

   *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

10. At the time of this Incident, Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

11. At the time of this Incident, Defendants should have expected that invitees such as Plaintiff would not realize or discover the aforementioned dangerous condition on Defendants' Property or would fail to protect themselves against it.

12. At the time of this Incident, Defendants failed to exercise reasonable care in protecting invitees such as Plaintiff by failing to have the aforementioned dangerous condition removed, repaired, and/or otherwise remedied, by failing to reasonably warn invitees of aforementioned dangerous condition, and/or by allowing invitees to use the dangerous area of Defendants' Property.

13. At the time of this Incident, , Defendants owed a duty to Plaintiff, to warn her of the hazard on Defendants' Property. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind. Ct. App. 1995); *Burrell v.*

2

*Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

14. Defendants' duty to warn Plaintiff of any hazards on Defendants' Property is not limited to only those dangers of which Defendants are aware. Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. Ct. App. 1994).

15. At the time of this Incident, Defendants were negligent in failing to warn Plaintiff of the aforementioned dangerous condition on Defendants' Property.

16. At the time of this Incident, Plaintiff did not observe the aforementioned dangerous condition until after she fell.

17. As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses and other costs.

19. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, Plaintiff, ANITA PETITT, respectfully requests judgment against Defendants, JPMORGAN CHASE BANK, N.A., FIRST NATIONAL BANK OF RICHMOND, and CBRE, INC., in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

3

Respectfully Submitted,

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by

jury.

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
*Attorneys for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
nicholas@getstewart.com

4

# SUMMONS

SL

Wayne County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE SUPERIOR COURT I |
| | )SS: | Wayne County Clerk |
| COUNTY OF WAYNE | ) | Courthouse, 301 E. Main Street |
| | | Richmond, IN  47374 |
| | | Phone: (765) 973-1613 |

| | | |
|---|---|---|
| ANITA PETITT, | ) | CAUSE NO.: 89D01-2112-CT-000063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| and FIRST NATIONAL BANK OF | ) | |
| RICHMOND, and | ) | |
| CBRE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

TO DEFENDANT:  (Name)  **CBRE, INC.**
**c/o CT CORPORATION SYSTEM, AS REG. AGENT**
(Address)  **334 NORTH SENATE AVENUE**
**INDIANAPOLIS, IN  46204**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the **Amended Complaint,** which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the **Amended Complaint** must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this summons, (or twenty-three (23) days, if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

3/25/2022

Dated _____      _____  (Seal)
Clerk, Wayne Superior Court I

SEAL

**(The following manner of service of summons is hereby designated.)**

| | |
|---|---|
| __X__ | Certified Mail/Return Receipt Requested – PLAINTIFF'S COUNSEL TO SERVE _____ |
| _____ | Service at place of employment, to wit: _____ |
| _____ | Service on individual – (Personal or copy) at above address. _____ |
| _____ | Service on agent. (Specify) _____ |
| _____ | Other service. (Specify)_____ |

STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

### SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2) By leaving a copy of the Summons a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

_____          _____
Sheriff's Costs                                                           Sheriff

                                                                      By: _____
                                                                             Deputy

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2022,  I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                      _____
                                                      Clerk
Dated: _____, 2022,     By: _____
                                                             Deputy

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2022.

                                                      _____
                                                      Clerk

                                                      By: _____
                                                             Deputy

Filed: 3/29/2022 2:22 PM
Clerk
Wayne County, Indiana

SL

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WAYNE SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF WAYNE | ) | CAUSE NO.: 89D01-2112-CT-000063 |

| | |
|---|---|
| ANITA PETITT, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A. | ) |
| And FIRST NATIONAL BANK OF | ) |
| RICHMOND, and | ) |
| CBRE, INC. | ) |
| | ) |
| Defendant(s), | ) |

## <u>CERTIFICATE OF ISSUANCE OF SUMMONS</u>
## <u>ON DEFENDANT, CBRE, INC. ONLY</u>
## <u>FOR THE FIRST AMENDED COMPLAINT</u>

     I hereby affirm that pursuant to Indiana Rule 86(G) of the Indiana Rules of Trial Procedure; I have attempted service on the following defendant(s) at the following address(es) as indicated:

**DEFENDANT #3:**     **CBRE, INC.**
                 **C/O C T CORPORATION SYSTEM, AS REG.AGENT**
                 **334 NORTH SENATE AVENUE**
                 **INDIANAPOLIS, IN  46204**
                 Service Attempted by CM/RRR# 7016 0340 0000 4741 7798
                 Plaintiff's Counsel to serve on or about 3/28/2022

Date:      March 29, 2022

Signature: /s/Darron S. Stewart

Name Printed:  Darron S. Stewart #21114-29

Plaintiff's Counsel Phone: (317) 846-8999

Plaintiff's Counsel, Darron S. Stewart: Darron@getstewart.com

Legal Assistant/Filer:  Marcia Van Dyke:  Marcia@getstewart.com