UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANITA PETITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00641-JPH-TAB |
| | ) |
| JP MORGAN CHASE BANK NA, | ) |
| FIRST NATIONAL BANK OF RICHMOND, | ) |
| CBRE INC, | ) |
| JONES LANG LASALLE AMERICAS INC, | ) |
| SVW INC, | ) |
| FEINKNOPF MACIOCE SCHAPPA | ) |
| ARCHITECTS INC, | ) |
| THE OSBORN ENGINEERING COMPANY, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JURISDICTION**

Plaintiff, Anita Petitt, has filed a Second Amended Complaint, dkt. 35, that does not include the required "short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1).  The Second Amended Complaint alleges state-law negligence, and for the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states.  28 U.S.C. § 1332(a).  The Second Amended Complaint does not address those requirements.  *See* dkt. 35.  For example, it alleges that Ms. Petitt "is a resident" of Wayne County, Indiana, but "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."  *Hunter v. Amin,* 583 F.3d 486, 491 (7th Cir. 2009).  The Second Amended Complaint also does not allege the relevant type of business entity for

1

each defendant. *See* dkt. 35. If they are corporations, their citizenship is any state in which they are incorporated and the state in which they have their principal place of business, but the Second Amended Complaint does not allege that information for all defendants. 28 U.S.C. § 1332(c)(1); *see Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the Court **ORDERS all parties** to file a joint jurisdictional statement by **December 2, 2022**, analyzing the Court's subject-matter jurisdiction.

**SO ORDERED.**

Date: 11/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jennifer Marie Carpenter
Kopka Pinkus Dolin, P.C.
jmcarpenter@kopkalaw.com

Edward A. DeVries
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP (Chicago)
edward.devries@wilsonelser.com

Jessica N. Hamilton
KOPKA PINKUS DOLIN PC (Carmel)
jnhamilton@kopkalaw.com

Thomas J. Jarzyniecki, Jr.
KIGHTLINGER & GRAY, LLP (Indianapolis)
tjarzyniecki@k-glaw.com

William Earl Kelley, Jr.
DREWRY SIMMONS VORNEHM, LLP (Carmel)
wkelley@dsvlaw.com

Brandon J. Kroft
CASSIDAY SCHADE LLP
bkroft@cassiday.com

Philip G. Rizzo
Wilson Elser Moskowitz Edelman & Dicker LLP
philip.rizzo@wilsonelser.com

Daniel Sheroff
Cassiday Schade LLP
dsheroff@cassiday.com

Darron S. Stewart
Stewart & Stewart
darron@getstewart.com

Alexander C. Trueblood
O'RYAN LAW FIRM
atrueblood@dsvlaw.com

Nicholas J. Wagner
STEWART & STEWART
nicholas@getstewart.com

James M. Weck
Clausen Miller P.C.
jweck@clausen.com

4